UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CESAR OBDULIO HERRERA MARTINEZ,

Petitioner,

v.

Case No. 2:26-cv-2315-KCD-NPM

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

**ORDER**

Petitioner Cesar Obdulio Herrera Martinez seeks a writ of habeas corpus to challenge the lawfulness of his continued immigration detention. (Doc. 1.)[1] He argues that his recent bond hearing was constitutionally deficient and the Government should bear the burden of proof at the hearing. (*Id.* at 8.) The Government tells a different story, arguing that this Court lacks jurisdiction to review an immigration judge's bond determination. (Doc. 7.)

The Government gets one thing right: federal courts are not in the business of second-guessing an immigration judge's discretionary calls on bond. *See Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D.

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Fla. Sept. 26, 2024). The Immigration and Nationality Act dictates that the Attorney General's discretionary judgments regarding bond are not subject to review. 8 U.S.C. § 1226(e). If Martinez were merely asking this Court to reweigh the evidence or substitute its judgment for the immigration judge's, his petition would be dead on arrival. But that statutory bar does not give the government a blank check to bypass the Constitution. It does not strip this Court of jurisdiction to consider a bona fide constitutional claim regarding the framework of the detention. *See Hernandez Garcia v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-02065-SPC-NPM, 2026 WL 1953128, at *1 (M.D. Fla. July 7, 2026).

On July 13, 2026, the immigration judge denied Martinez's request for a change in custody status. But there is no basis to conclude this was a meaningful, individualized assessment. Instead, the resulting order consists of a single sentence: "Respondent failed to demonstrate that they do not present a risk of flight. See Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006) and Matter of R-A-V-P, 27 I&N Dec. 803 (BIA 2020)." (Doc. 5-1 at 4.) And the Government has provided no other evidence of what occurred at the bond hearing. A boilerplate statement, devoid of any specific factual findings or analysis, falls woefully short of the individualized due process the Constitution requires when stripping a person of their physical freedom. *See*

*Paredes v. Warden, Fla. Soft Side Det. Ctr.*, No. 2:26-CV-01131-SPC-DNF, 2026 WL 1353224, at *1 (M.D. Fla. May 15, 2026).

Because Martinez's bond hearing was constitutionally insufficient on the current record, the habeas petition is **GRANTED IN PART**. Within ten days of this order, the Government shall either bring Martinez for an individualized bond hearing before an immigration judge or release him under reasonable conditions of supervision. To satisfy this order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the Government must bear the burden of proof to justify continued detention. *Laborde Casallas v. Ripa*, No. 2:26-CV-02137-SPC-KRH, 2026 WL 2162793, at *2 (M.D. Fla. July 28, 2026). The habeas petition is otherwise denied. The Clerk is directed to deny all pending motions and close this case.

**ORDERED** in Fort Myers, Florida on August 21, 2026.

Kyle C. Dudek
United States District Judge